UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAY A. HELLER, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| CAINE & WEINER COMPANY, L.L.C., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, JAY A. HELLER, by and through his attorneys, and for his Complaint against the Defendant, CAINE & WEINER COMPANY, L.L.C., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District, and Defendant is located in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Northbrook, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Fox Rent A Car.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, and/or services which are the subject of the transaction was primarily for personal, family, and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Illinois, which has its principal place of business in Schaumburg, Illinois.

**FACTS COMMON TO ALL COUNTS**

9. During or about January 2020, Plaintiff spoke with one of Defendant's representatives via telephone.

10. During that conversation Plaintiff made it clear that he disputed owing the alleged debt. Plaintiff explained in detail to Defendant's representative why he did not owe the alleged debt. Plaintiff further explained to Defendant's representative that he never agreed to the charges Defendant was attempting to collect.

11. Rather than investigating Plaintiff's position to ensure that it was collecting a valid debt, Defendant instead chose to report the alleged debt as due and owing on Plaintiff's Experian credit report.

12. After discovering the information Defendant was reporting on his Experian credit report, on or about April 21, 2020, Plaintiff sent a letter to Defendant further reminding Defendant of his dispute regarding the alleged debt.

13. Despite Plaintiff's notifications to Defendant as set forth above, Defendant continued to report the alleged debt on Plaintiff's Experian credit report.

14. On June 3, 2020 at approximately 10:57 a.m. CDT, Plaintiff's undersigned attorney sent a letter to Defendant via fax transmission, which notified Defendant of Plaintiff's attorney's representation of Plaintiff with respect to the alleged debt.

15. Despite having received notification that Plaintiff was represented by an attorney with respect to the alleged debt, Defendant communicated directly with Plaintiff by sending Plaintiff subsequent written correspondence dated June 29, 2020.

16. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17. As a result of Defendant's actions and omissions set forth above, Plaintiff has suffered and continues to suffer financial losses, due to his inability to proceed with a planned refinance of the mortgage on his home. Plaintiff would have otherwise qualified for this planned refinance of his mortgage but for the incorrect information Defendant reported on his Experian credit report.

18. As a result of Defendant's actions and omissions set forth above, Plaintiff has also suffered and continues to suffer stress, aggravation, frustration, emotional distress, and mental anguish.

## COUNT I

19. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

20. By its acts and omissions set forth above, Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

**COUNT II**

21. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

22. By its acts and omissions set forth above, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the alleged debt.

**COUNT III**

23. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

24. By its acts and omissions set forth above, Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which was known or which should have been known to be false.

**COUNT IV**

25. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

26. By its acts and omissions set forth above, Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

**COUNT V**

27. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

28. By its acts and omissions set forth above, Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

## COUNT VI

29. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

30. By its acts and omissions set forth above, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or was not permitted by law.

## COUNT VII

31. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

32. By its acts and omissions set forth above, Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and litigation costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d.  Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

JAY A. HELLER

By: /s/ David B. Levin
   Attorney for Plaintiff
   Illinois Attorney No. 6212141
   Law Offices of Todd M. Friedman, P.C.
   111 W. Jackson Blvd., Suite 1700
   Chicago, IL 60062
   Phone: (224) 218-0882
   Fax: (866) 633-0228
   dlevin@toddflaw.com